CHAPPELLEARS Ex'rs *vs.* HARRISON.—*December*, 1829.

In replevin the defendants avowed for rent in arrear due to them as Executors of C, from the plaintiff as tenant to their testator, for the term of two years ending on the 31st December, 1820; and averred that the plaintiff still remained in possession of the rented premises. The plaintiff pleaded 1st, that he did not possess and enjoy the premises under a demise from C. as his tenant, in manner, &c. 2d. That C did not demise the premises to him in manner, &c. 3d. No rent in arrear. Upon these pleas issues were joined, and on their trial in addition to proof of the avowry, it appeared that C died in *March*, 1820—that on the 1st January, 1821, the avowants rented the same premises to the plaintiff for the year 1821, and as executors of C made their distress for the rent of 1819-20—nineteen months after the termination of C's lease, and while the plaintiff was in possession under the demise of the avowants. The County Court instructed the jury, that the distress not having been made within six months next after the termina-

tion of the demise by C, and the avowants having before the time of making their distress, made a new lease to the plaintiff, they must find a verdict for him. *It was held upon appeal,* that no question as to the right 'of the avowants as executors of C, to make a distress for rent falling due under a demise by him, either before or after his death arose upon this record; that whether the distress was made in due time or not, was not in issue by the pleadings, and that the instruction of the County Court was erroneous.

APPEAL from *Saint Mary's* County Court.

This was an action of *replevin* brought by the appellee (the plaintiff in the court below) against the appellants (the defendants in that court.)

This case which is fully stated by the Judge who delivered the opinion of the court, was argued before, BUCHANAN, Ch. J. EARLE and DORSEY, J.;

*A. C. Magruder* and *Causin,* for the appellants contended.

1. That no issue in the cause would have justified the court, in giving the instruction for the first reason, even if such had been the law, had the proper plea been pleaded.

2. That it was not necessary that the distress should have been made at an earlier period.

3. That the reduction of the rent, the following year could not take away the remedy by distress for the rent in arrear. They cited *Beavan vs. Delahay & Lewis,* 1 *H. Blk.* 6, *Ib.* 7, (*note*)

No counsel argued for the appellee.

BUCHANAN, Ch. J. delivered the opinion of the Court.

It appears from the pleadings in this cause, that the appellants avowed for five hundred dollars rent in arrear, due and owing to them as executors of *John Chappellear,* by the appellee as tenant to their testator, of a dwelling house which he held and enjoyed under him, for the term of two years ending on the thirty-first of December, 1820, by virtue of a demise at the yearly rent of $250; and set out in the avowry that the appellee still remained in possession of the premises.   To this it was pleaded, 1st. That the appellee did not possess and enjoy the premises

&c. under and by virtue of a demise from *John Chappellear* as his tenant, in manner, &c. 2d. That *John Chappellear* did not demise the premises, &c. to the appellee in manner, &c. and 3d, That the sum of five hundred dollars was not in arrear and unpaid to *John Chappellear*, nor any part thereof at the time when, &c. upon which issues were joined.

A witness examined on the part of the avowants, who are the appellants here, proved the demise set forth in the avowry, by *John Chappellear* their testator, to the appellee at the yearly rent of $250: that the appellee entered upon the premises so demised as tenant to *John Chappellear*, and occupied and enjoyed the same, for and during the years 1819 and 1820, at the stipulated annual rent of $250, and that the appellee continued in the occupation thereof until the first of January, 1824. If the testimony had stopped here, we should probably not have heard of this case. But the same witness proceeded to prove, that *John Chappellear* died in the month of *March*, 1820, that the appellants on the first of January, 1821, rented the same premises to the appellee for the year 1821 for the sum of $90, and that the appellants as executors of *John Chappellear*, made their distress for the rent due and in arrear from the appellee for the years 1819 and 1820, under the demise by *John Chappellear*, on the 1st of August, 1822, nineteen months after the termination of the lease by *Chappellear* to the appellee, and when the appellee was in possession of the premises under and in virtue of a letting by the appellants. Upon this evidence, the court before which the cause was tried, was of opinion and so instructed the jury (as we understand the opinion and instruction set out in the bill of exception) that the distress not having been made, within six months next after the termination of the demise by *John Chappellear*, and the appellants having before the time of making the distress, made a new lease of the premises to the appellee, they must find a verdict for the appellee, in which opinion and instruction we do not concur. No question as to the right of the appellants as executors of *John Chappellear* to make a distress for rent falling due under a demise by him, either before or after his death, arises upon this record. It does

not appear whether *Chappellear* himself had more than a term in the premises; and whether the distress was made in due time or not, is a question that is not raised by the pleadings in the cause. If the appellee was desirous of making that question, he might, and ought to have raised it, by putting in a proper plea for that purpose. He might have pleaded that the distress was made after the expiration of six months, next after the termination of the demise by *Chappellear,* and thus have put that matter in issue. He did not so plead, and there was no issue joined, to which evidence of that fact was applicable, or to entitle the appellee to a verdict on that ground. The only questions presented to the jury by the issues appearing in the record, were 1st. Whether the appellee did possess and enjoy the premises in which, &c. under a demise from *John Chappellear* as his tenant. 2d. Whether *John Chappellear* did demise the premises, &c. to the appellee. And 3d. Whether the sum of $500 or any part thereof was due and unpaid as rent in arrear to *John Chappellear*—And the proof as stated in the bill of exception, appearing to be full in support of the issue joined on the part of the appellants, we perceive nothing to authorise the direction given to the jury to find a verdict for the appellee upon the issues joined in the cause, and which alone they were sworn to try.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.